UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60508-LEIBOWITZ/AUGUSTIN-BIRCH

**DIEGO MARTIN SOSA CLARET,** *et al.***,**

    **Plaintiffs,**

v.

**TOSCANA PIZZA & GRILL, LLC,** *et al.***,**

    **Defendants.**

_____/

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT AS
TO ALL COUNTS OF THE COMPLAINT AGAINST DEFENDANTS**

    This cause comes before the Court on Plaintiffs' Motion for Final Default Judgment as to All Counts of the Complaint Against Defendants. DE 49. The Honorable David S. Leibowitz, United States District Judge, referred the Motion for Final Default Judgment to the undersigned United States Magistrate Judge for appropriate disposition. DE 50. The Court has reviewed the Motion for Final Default Judgment and the record and is otherwise fully advised in the premises. For the reasons given in this Order, Plaintiffs' Motion for Final Default Judgment as to All Counts of the Complaint Against Defendants [DE 49] is **DENIED WITHOUT PREJUDICE** to refiling an amended motion that complies with the requirements in this Order.

    Plaintiffs Diego Martin Sosa Claret and Mary Ysabel Juarez Solis filed a seven-count Complaint on behalf of themselves and all others similarly situated against Defendants Toscana Pizza & Grill LLC, Fernando Gabriel, and Kinga Salamon. DE 1-1. Counts I and II are claims for "Florida Minimum Wage Violations" for each Plaintiff. *Id.* at 9–11. Count III is Plaintiff Juarez's claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime pay. *Id.* at 11–

13. Counts IV and V are claims for "Unpaid Wages Pursuant to 448.08. Fla.Stat" for each Plaintiff. *Id.* at 13–14.  Counts VI and VII are retaliation claims for each Plaintiff.  *Id.* at 15–17.

The title of Plaintiffs' Motion for Final Default Judgment indicates that Plaintiffs now seek default judgment on all of the counts in their Complaint.  DE 49 at 1 (Motion titled "Motion for Final Default Judgment as to All Counts of the Complaint Against Defendants").  But that title is inconsistent with the substance of the Motion for Final Default Judgment, which indicates that Plaintiffs seek default judgment only on Counts I through V and never references Counts VI and VII or the issue of retaliation.  *Id.* (stating that Plaintiffs are moving "for entry of a final default judgment as to Defendants . . . upon counts I, II, III, IV, and V, of the Complaint").

Plaintiffs may file an amended motion that is clear as to which counts they request default judgment.  The amended motion must explain how the allegations in their Complaint meet each element of each cause of action on which they seek default judgment, with citations to legal authority and specific paragraphs of the Complaint.  *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (stating that entry of default judgment is warranted only if the pleadings contain well-pled allegations of fact that would be sufficient to survive a motion to dismiss for failure to state a claim).

Counts IV and V of the Complaint purport to bring claims for unpaid wages under Fla. Stat. § 448.08.  DE 1-1 at 13–14.  Section 448.08 simply provides for an award of costs and a reasonable attorney's fee to the prevailing party in an action for unpaid wages: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08.  Section 448.08 does not create a cause of action.  *Alarcon v. Shisheido Travel Retail Ams., Inc.*, No. 18-21006-Civ, 2018 WL 3059648, at *2 (S.D. Fla. June 19, 2018) ("As previously discussed, the Plaintiff asserts that her claim for wages arises under Florida Statutes

2

section 448.08. However, section 448.08 does not create or otherwise provide for a cause of action for back wages; it relates instead to payment of attorneys' fees to a prevailing party in an action for back wages." (quotation marks omitted)); *Edwards v. Niles Sales & Serv., Inc.*, 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. 2006) ("Plaintiff cites Florida Statute § 448.08 as the basis for that proposed Florida law claim. Section 448.08 does not, however, create or otherwise provide for a cause of action for back wages, but instead relates only to payment of attorneys' fees to a prevailing party in an action for back wages brought pursuant to some other law."). If Plaintiffs seek default judgment on Counts IV and V, their amended motion must explain how Counts IV and V plead claims on which judgment can be entered, with citation to legal authority.

Plaintiffs attached to their Motion for Final Default Judgment affidavits in which they each declare the amount of unpaid wages and liquidated damages they believe they are owed. DE 49 at 10–11. Affidavits can provide the evidence to establish damages upon a motion for default judgment. *Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 870 (11th Cir. 2018) (stating that an evidentiary hearing to establish damages upon a motion for default judgment is unnecessary where all essential evidence is already of record and affirming the entry of a default judgment without a hearing where the plaintiff had filed an affidavit concerning his emotional distress damages); *Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) ("Affidavits based on personal knowledge can be sufficient evidence to establish damages."). However, the declarations in Plaintiffs' affidavits about the amounts they believe they are owed, without explanation as to how they calculated those amounts, are too conclusory to provide a basis to award damages. *See PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010) ("Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court

what those damages are, how they are calculated, and where they come from . . . ."); *Haliburton v. MGMerk Stocking Inc.*, No. 2:19-cv-14261, 2020 WL 13369448, at *4 (S.D. Fla. Apr. 1, 2020) (requiring a plaintiff seeking default judgment to file "a supplemental memorandum on damages that accurately states, calculates, and specifies the amount of damages owed for the FLSA claim based on Plaintiff's work during the relevant time periods so that the Court can determine Plaintiff's hourly rate, and ultimately, damage award").

Plaintiffs did provide calculations of their damages in their Statement of Claim. DE 9. However, Plaintiffs themselves did not sign the Statement of Claim, and a statement of claim is not evidence.[1] *See Grubbs v. A-1 Gutters & More, LLC*, No. 2:17-CV-14304, 2018 WL 4776092, at *1 (S.D. Fla. Jan. 8, 2018) ("The Statement of Claim is not evidence, nor is it supported by evidence, and thus is not sufficient to establish the amount of Plaintiff's alleged damages in this case. Based on the inadequacies of Plaintiff's Motion, the Court is unable to find default judgment is appropriate."); *Daniels v. Sanchelima & Assocs., P.A.*, No. 1:15-cv-21321, 2016 WL 4903065, at *7 n.8 (S.D. Fla. Jan. 20, 2016) ("Plaintiffs in their opposition brief relied on the Statement of Claim, which was unsworn and unsigned and could not be considered as evidence."). Accordingly, Plaintiffs must attach to their amended motion evidence demonstrating what their purported damages are and how those amounts are calculated. Alternatively, Plaintiffs should be prepared to appear at an evidentiary hearing to present evidence and testimony to enable the Court to

---

[1] Furthermore, the Statement of Claim conflicts with allegations in the Complaint and assertions in Plaintiffs' affidavits. For example, Plaintiff Sosa alleges and asserts that, from the period of May to August 2023, he did not receive any payment for numerous hours that he worked. DE 1-1 at 10 ¶ 49; DE 49 at 10 ¶ 4. But the Statement of Claim indicates that Plaintiff Sosa did not receive any payment for hours worked between August and October 2023; the Statement of Claim does not reflect that Plaintiff Sosa went unpaid during May, June, or July 2023. DE 9 at 2. As another example, Plaintiff Juarez alleges and asserts that, from the period of May to July 2023, she did not receive any payment for numerous hours that she worked. DE 1-1 at 11 ¶ 55; DE 49 at 11 ¶ 5. But the Statement of Claim indicates that Plaintiff Juarez was paid $12 per hour for the hours that she worked from May to July 2023. DE 9 at 4 (showing $12.00 in the "Rate Paid" column for the period of May 7, 2023, to July 24, 2023). Even if the Court could consider the Statement of Claim as evidence, Plaintiffs have presented inconsistent evidence.

determine their damages. *See Brown*, 2013 WL 12126001, at *2 (stating that, when entering a default judgment, a court need not conduct an evidentiary hearing to determine the amount of damages only if "the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits" (quotation marks omitted)).

In addition, Plaintiffs filed this lawsuit as a collective action, pleading claims on behalf of themselves and all others similarly situated. *See generally* DE 1-1. In their Motion for Final Default Judgement, they seek monetary awards only for themselves and their counsel. DE 49 at 6 (requesting a total award of $66,149.45 "to be distributed as follows: Plaintiff Sosa is entitled to $35,625.20, Plaintiff Juarez is entitled to $12,868.80, and Ferretjans Law, PLLC is entitled to $17,655.45"). If Plaintiffs no longer wish to pursue this case as a collective action, they must so indicate in their amended motion. *See Kravits v. Carpet-Mills of Am.-Fla., Inc.*, No. 6:06-cv-1637, 2007 WL 1521622, at *1 (M.D. Fla. May 23, 2007) ("Kravitz then filed a motion for entry of a default judgment against the defendants. Because the motion addressed only Kravitz's claims, I entered a supplemental briefing order requiring Kravitz to address whether the collective action allegations should be dismissed and the issue of default judgment resolved only insofar as it relates to his claims." (citation omitted)); *Sistrat v. Elite Auto Servs. of Orlando, LLC*, No. 6:21-cv-1925, 2022 WL 18774221, at *1 n.3 (M.D. Fla. June 7, 2022) (treating an FLSA plaintiff's collective action allegations as abandoned when she moved for default judgment only on her own behalf).

Finally, Plaintiffs' Motion for Final Default Judgment includes a request for $1,395.45 in costs. DE 49 at 4, 12, 17. Plaintiffs must attach to their amended motion receipts or other documentation substantiating their costs.

Accordingly, Plaintiffs' Motion for Final Default Judgment as to All Counts of the Complaint Against Defendants [DE 49] is **DENIED WITHOUT PREJUDICE** to refiling an

5

amended motion that complies with the requirements in this Order. Plaintiffs must file their amended motion within two weeks of the date of this Order.

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of November, 2024.

                                                   PANAYOTTA AUGUSTIN-BIRCH
                                                   UNITED STATES MAGISTRATE JUDGE