UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60508-LEIBOWITZ/AUGUSTIN-BIRCH

**DIEGO MARTIN SOSA CLARET,** *et al.***,**

    **Plaintiffs,**

v.

**TOSCANA PIZZA & GRILL, LLC,** *et al.***,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION TO REMAND CASE

    This cause comes before the Court on Plaintiffs Diego Martin Sosa Claret and Mary Ysabel Juarez Solis' Second Amended Motion for Final Default Judgment on State Claims Only Against Defendants Toscana Pizza & Grill, LLC, Fernando Gabriel, and Kinga Salamon. DE 57. Defendants have not responded to the Second Amended Motion for Final Default Judgment, and the time to respond has passed. The Honorable David S. Leibowitz, United States District Judge, referred the Second Amended Motion for Final Default Judgment to the undersigned United States Magistrate Judge for appropriate disposition. The Court has carefully reviewed the Second Amended Motion for Final Default Judgment and the record and is otherwise fully advised in the premises. The Court recommends that this case be remanded to the 17th Judicial Circuit in and for Broward County, Florida.

    The Court will provide some background discussion to explain why Plaintiffs have filed three motions seeking entry of a final default judgment and why Plaintiffs now request that the case be remanded. *See* DE 49; DE 53; DE 57; DE 60. Plaintiffs filed a Complaint in state court, pleading failure to pay minimum wages in violation of the Florida Minimum Wage Act

("FMWA") (Counts I and II), failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") (Count III), claims purportedly brought under Fla. Stat. § 448.08 (Counts IV and V), and retaliation (Counts VI and VII). DE 1-1. Plaintiffs brought Counts I, II, and III as a collective action on behalf of themselves and other similarly situated employees of Defendants. *Id.* at 5, 8, 11.

Defendants removed the case to federal court and answered the Complaint. DE 1; DE 7. Judge Leibowitz struck Defendant Toscana Pizza & Grill's filings after it failed to timely retain counsel. DE 35; *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (explaining that artificial entities "can act only through agents, cannot appear *pro se*, and must be represented by counsel"). Judge Leibowitz later authorized Plaintiffs to move for entry of default against Defendants Gabriel and Salamon after Defendants Gabriel and Salamon failed to appear for two status conferences and failed to respond to an Order to Show Cause. DE 45. The Clerk's Office entered clerk's default as to all three Defendants. DE 38; DE 47.

Plaintiffs then filed their first motion seeking entry of a final default judgment. DE 49. The Court denied that motion without prejudice, in part because the motion was not even clear as to which counts Plaintiffs sought entry of a final default judgment. DE 51.

In an amended motion, Plaintiffs sought entry of a final default judgment on Counts I, II, and III. DE 53. They asked that Counts IV, V, VI, and VII be dismissed, and they withdrew their request for the case to be treated as a collective action. *Id.* at 3–4. In a Report and Recommendation that remains pending, the Court concluded that Plaintiffs had not plausibly pled the existence of individual or enterprise coverage, an element necessary to state an FLSA claim upon which relief could be granted. DE 56 at 4–8. The Court recommended that Plaintiffs be given an opportunity to amend the Complaint to sufficiently plead the existence of individual or

enterprise coverage, at the same time removing any counts or allegations that they did not wish to pursue. *Id.* at 8–9.

Plaintiffs did not object to that Report and Recommendation, instead filing their Second Amended Motion for Final Default Judgment. In that motion, Plaintiffs have declined the opportunity to amend the Complaint to correct their deficient pleading. DE 57. They ask for entry of a final default judgment on Counts I and II and ask that the Complaint be treated as though it were amended to include only Counts I and II. *Id.* at 1 n.1.

As a reminder, Counts I and II are state claims under the FMWA for failure to pay minimum wages. In an Order Requiring Supplemental Briefing, the Court flagged that treating the Complaint as though it were amended to include only state claims would seemingly pose a subject matter jurisdiction issue necessitating a remand under a recent Supreme Court case. DE 59; *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025) ("When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."). The Court ordered Plaintiffs to provide supplemental briefing explaining how they wish to proceed. DE 59. In their supplemental briefing, Plaintiffs ask that the case be remanded for further proceedings on their state claims "[i]n light of *Wullschleger* and to preserve judicial economy and avoid unnecessary procedural complexities." DE 60.

The Court therefore recommends that Plaintiffs' request that the Complaint be treated as amended to remove Counts III, IV, V, VI, and VII be granted. *See Baxter v. Santiago-Miranda*, 121 F.4th 873, 884–85 (11th Cir. 2024) (approving of a practice of treating a plaintiff's attempt to

drop a claim as a motion to amend the complaint under Fed. R. Civ. P. 15(a)(2) when dismissal under Fed. R. Civ. P. 41(a) is unavailable). There being only state claims (Counts I and II) remaining in the now-amended Complaint and there being no subject matter jurisdiction, the Court recommends that this case be remanded to the 17th Judicial Circuit in and for Broward County, Florida. *See Wullschleger*, 604 U.S. at 39.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendants at the address listed below and to make a notation of such on the docket.**

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 7th day of April, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of record

Fernando Gabriel
Kinga Salamon
Toscana Pizza & Grill, LLC
7671 W. Sample Road
Coral Springs, FL 33065